IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NUTRITION & FITNESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:17-CV-880 |
| | ) | |
| v. | ) | |
| | ) | |
| MOHAMMAD YOUNUS, D/B/A/ | ) | |
| SCIENTIFIC SOLUTIONZ and | ) | |
| SCIENTIFIC SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND COUNTERFEITING**

For its complaint against Mohammad Younus, d/b/a/ Scientific Solutionz and Scientific Solutions, Plaintiff Nutrition & Fitness, Inc. states as follows:

**The Parties**

1. Plaintiff Nutrition & Fitness, Inc. ("Plaintiff" or "NFI") is a North Carolina corporation with its principal place of business in Bristol, Tennessee.

2. Upon information and belief, Defendant Mohammad Younus is an individual residing in Irving, Texas who does business under the name Scientific Solutionz and Scientific Solutions ("Defendant" or "Younus").

**Jurisdiction**

3. This action arises under the Trademark Act of 1946, as amended, Title 15, United States Code § 1051 *et seq.*

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 15 U.S.C. § 1121(a).

5. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant in that, upon information and belief, Defendant is a resident of this district, Defendant regularly does business in this district, and events giving rise to the instant claim (including the sale of infringing products) occurred in this district.

**Facts Common to All Claims**

7. NFI markets and sells a soothing muscle and joint cream under the federally registered trademark BLUE-EMU, U.S. Reg. No. 2995694 ("BLUE-EMU Trademark"). A true and correct copy of U.S. Reg. Nos. 2995694 is attached as Exhibit A. NFI obtained its federal trademark registration for BLUE-EMU on September 13, 2005. NFI has used its BLUE-EMU Trademark in interstate commerce continuously since at least 2002, and this trademark is the repository of invaluable goodwill for NFI.

8. NFI's trademark registration for BLUE-EMU is incontestable pursuant to 15 U.S.C. § 1065.

9. NFI has expended considerable sums marketing and promoting its BLUE-EMU cream, and NFI has made a substantial investment to maintain the high quality of the products sold under the BLUE-EMU Trademark. NFI sells its BLUE-EMU products throughout the

United States, primarily through mass merchandisers, supermarkets, drug stores, and over the Internet through the web site www.blue-emu.com.

10. Defendant Younus sells a muscle and joint cream that is a direct knock off and counterfeit of Plaintiff's BLUE-EMU product (the "Infringing Products"). The mark used on Defendant's product is pronounced identically to Plaintiff's registered trademark, and is also spelled identically except that Defendant dropped the "e" off the end of the word "Blue" – "Blu-Emu." (the "Counterfeit Mark"). A picture of Defendant's product with the Counterfeit Mark being offered for sale on Amazon.com is attached hereto as Exhibit B.

11. Both NFI's genuine BLUE-EMU product and Defendant's Infringing Products are advertised as creams that are moisturizing, deep-penetrating, and soothing.

12. NFI's BLUE-EMU product has a unique and distinctive blue color. Defendant's Infringing Products duplicate this blue color such that the products are indistinguishable in appearance from NFI's BLUE-EMU.

13. The Counterfeit Mark used on Defendant's Infringing Products is likely to cause confusion or mistake and to deceive consumers as to the origin, sponsorship, and/or nature of the goods sold.

14. Defendant is aware of NFI's BLUE-EMU trademark, and is aware of NFI's use of its trademark as described herein. NFI has objected to Defendant's use of the BLUE-EMU mark, but that use has continued despite these objections.

15. Defendant's unauthorized and unlawful use of the Counterfeit Mark in connection with the Infringing Products has caused, is causing, and is likely to cause confusion and to deceive the consuming public as to the source, origin, and/or sponsorship of the Infringing Products offered by Defendant. Defendant's actions are further likely to mislead the

consuming public into believing that the Infringing Products originated from Plaintiff or that there is some authorized connection between Plaintiff and Defendant, thereby causing Plaintiff irreparable harm.

16. Upon information and belief, Defendant willfully and knowingly violated and infringed Plaintiff's valuable intellectual property rights, or alternatively Defendant acted with reckless disregard for and willful blindness to Plaintiff's valuable intellectual property rights, with the express purpose of trading on the goodwill and reputation of the BLUE-EMU Trademark. Upon further information and belief, Defendant engaged in the above-described illegal counterfeiting with the intention of deceiving and misleading customers for Defendant's own financial gain, and with the intention of diverting sales of genuine merchandise sold by Plaintiff and its distributors.

17. Upon information and belief, Defendant's Infringing Products and counterfeit mark are intentional knock offs of Plaintiff's products and the BLUE-EMU Trademark. Defendant's intentional copying presumptively establishes a likelihood of confusion between Plaintiff's genuine products and the Infringing Products.

18. Defendant has committed the tortious and infringing acts alleged herein without license or consent from Plaintiff.

19. Plaintiff has suffered actual monetary damage as a result of Defendant's conduct and actions as described herein, including lost sales of genuine BLUE-EMU products, and damage to Plaintiff's commercial reputation.

20. Defendant has been wrongfully and unjustly enriched through the unauthorized sale of the Infringing Products.

21. Defendant's intentional misconduct and business practices have also caused, and will continue to cause, irreparable harm for which there is no adequate remedy at law and for which Plaintiff is entitled to injunctive relief and damages.

## COUNT I

### (Trademark Counterfeiting, 15 U.S.C. §§ 1114 & 1116)

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-21.

23. Defendant, without authorization from Plaintiff, has used and is continuing to use spurious designations that are identical to or substantially indistinguishable from Plaintiff's BLUE-EMU Trademark.

24. Upon information and belief, Defendant was aware of or purposefully contrived to avoid learning of the counterfeit nature of the Infringing Products.

25. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's Infringing Products are genuine or authorized products of Plaintiff.

26. Upon information and belief, Defendant has acted with knowledge of Plaintiff's ownership of the BLUE-EMU Trademark and with willful blindness of Plaintiff's rights or with deliberate intention to unfairly benefit from the incalculable goodwill inherent in the BLUE-EMU Trademark.

27. Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 34 of the Lanham Act, 15 U.S.C. § 1116.

28. Upon information and belief, Defendant has made and unless enjoined by this Court will continue to make substantial profits and gains to which he is not in law or equity entitled.

29. Upon information and belief, Defendant intends to continue his infringing acts, unless restrained by this Court. Plaintiff has demanded in writing that Defendant cease his infringing activities, but yet Defendant continues to sell the Infringing Products. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT II

### (Trademark Infringement, 15 U.S.C. § 1114)

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-29.

31. Defendant, without authorization from Plaintiff, has used and is continuing to use spurious designations that are confusingly similar to the BLUE-EMU Trademark.

32. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

33. Upon information and belief, Defendant has acted with actual knowledge of Plaintiff's ownership of the BLUE-EMU Trademark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

34. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which he is not in law or equity entitled.

36. Upon information and belief, Defendant intends to continue his infringing acts, unless restrained by this Court. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT III

### (Unfair Competition, 15 U.S.C. § 1125(a))

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-36.

38. In marketing and selling the Infringing Products, Defendant has affixed, applied, annexed, or used in connection with his goods a false designation of origin, or a false or misleading description or representation of fact, that is likely to cause confusion, to cause mistake, or to deceive others to believe that the Infringing Products are made by, sponsored by, approved by, originate with, or are affiliated with NFI. Defendant has caused, with knowledge of such false designation of origin or description, such goods to be offered for sale and use in interstate commerce.

39. Defendant has willfully promoted in interstate commerce the sale of a cream using a confusing copy of NFI's BLUE-EMU Trademark, in a manner so as to designate falsely an origin or an association with NFI, with NFI's trademarks, and with NFI's products. Defendant has benefited from these actions, but these actions have substantially harmed NFI's reputation, have diverted sales from NFI, and have severely damaged NFI's goodwill.

40. NFI has been irreparably damaged by the use of such false designations and representations, and will continue to be irreparably damaged unless the actions of Defendant are enjoined by this Court.

41. The actions of Defendant, as set forth above, constitute unfair competition, false designation of origin, and false or misleading description of fact in violation of 15 U.S.C. § 1125(a).

## COUNT IV

### (Common Law Trademark Infringement And Unfair Competition)

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-41.

43. Plaintiff created and developed good will in its BLUE-EMU mark and associated products through the expenditure of extensive time, labor, skill, and money.

44. As a result of the association by the public of NFI's trademarks with NFI and with its products, the use by Defendant of a deceptively identical mark in connection with his identical product is likely to cause confusion, to cause mistake, and to deceive.

45. On information and belief, Defendant has utilized the BLUE-EMU mark with full prior knowledge of NFI's trademarks used for NFI's products, and Defendant's use of the BLUE-EMU mark was and is for the willful and calculated purpose of trading on NFI's goodwill and business reputation as embodied in and symbolized by NFI's trademarks.

46. Defendant has developed, promoted, and sold its BLUE-EMU product in such a manner so as inevitably to suggest an association, affiliation, or sponsorship with, or approval by, NFI.  Moreover, Defendant has advertised, marketed, and sold its Infringing Products in competition with Plaintiff, and has gained a special advantage because it has incurred little or none of the expense Plaintiff incurred developing its BLUE-EMU mark, products, or associated good will.

47.     Defendant's acts have caused, or are likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of goods sold, all to the profit of Defendant and to NFI's financial detriment.

48.     The conduct of Defendant constitutes infringement of NFI's common law rights in and to NFI's trademarks, and further constitutes common law unfair competition with NFI, all of which has irreparably damaged and will continue to irreparably damage NFI, its goodwill and reputation.

## Prayer for Relief

WHEREFORE, NFI prays for relief as follows:

1.      That Defendant, and his officers, agents, servants, employees, and sellers, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from:

    a.      manufacturing, distributing, advertising, promoting, offering for sale, or selling goods under the BLUE-EMU mark or any other designation, trademark or service mark which so resembles NFI's trademarks as to be likely to cause confusion, deception or mistake in connection with the manufacture, distribution, advertising, offering for sale, or sale of NFI's products;

    b.      Otherwise using in any manner the BLUE-EMU mark;

    c.      Further diluting or infringing NFI's trademarks or damaging NFI's goodwill; or

    d.      Otherwise competing unfairly with NFI in any manner;

2. That Defendant be ordered to deliver up for destruction any and all products and other materials in his possession, custody or control, including but not limited to, signs, packages, forms, advertisements, business cards, letterheads, circulars, hang tags, packages, boxes or receptacles and/or other representations and means for reproducing the same, that make reference to or depict the BLUE-EMU mark or any designation or mark similar to NFI's trademarks;

3. That Defendant be ordered to recall from retailers any and all of the Infringing Products.

4. That Defendant be required to account for and pay over to Plaintiff three times all gains, profits and advantages derived by him from the trademark infringement, counterfeiting, unfair competition, and unfair trade practices described herein;

5. That Defendant be required to pay Plaintiff all damages which Plaintiff has sustained by reason of trademark infringement, counterfeiting, unfair competition and unfair trade practices in a sum equal to three times the damages sustained by reason of such wrongful acts;

6. That Defendant be ordered to deliver up for destruction within seven days of the date of entry of the earliest of any injunction or entry of final judgment any and all of Defendant's Infringing Products;

7. That Defendant be directed to file with this Court and to serve upon counsel for plaintiff, within thirty days after entry of any injunction or final judgment a written report under oath, setting forth in detail the manner in which Defendant has complied with the aforementioned orders;

8. For an award of all damages sustained by NFI;

9. For an award of treble damages as provided by 15 U.S.C. § 1117;

10. For an award of reasonable attorney's fees;

11. For an award of interest on each and every damage award;

12. For an award of costs in this suit; and

13. For such other and further relief as this Court may deem just and proper.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury of any issue so triable.

This the 28th day of March, 2017.

/s/ Jason P. Bloom
Jason P. Bloom
State Bar No. 24045511
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
E-mail: *jason.bloom@haynesboone.com*


Charles A. Burke (Pro Hac Vice Application Pending)
NCSB No. 19366
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
1 W. 4th Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3625
Facsimile: (336) 733-8416
E-mail: *cburke@wcsr.com*


*Attorneys for Plaintiff Nutrition & Fitness, Inc.*