IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NUTRITION & FITNESS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:17-cv-880-K |
| § | |
| MOHAMMAD YOUNUS, § | |
| *d/b/a* Scientific Solutionz, § | |
| *d/b/a* Scientific Solutions, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Mohammad Younus's Motion to Set Aside Judgment (ECF No. 29). The Court held a hearing on the Motion on July 30, 2018. For the reasons stated below, the District Court should GRANT Defendant's Motion.

**Background**

Plaintiff Nutrition & Fitness, Inc. markets and sells a distinctively blue-colored, emu oil-infused, muscle and joint cream under the federally registered trademark BLUE-EMU. Defendant Mohammad Younus d/b/a Scientific Solutionz d/b/a Scientific Solutions sold a similar blue-colored emu oil cream, called "BLU-EMU," on Amazon.com. Plaintiff filed this lawsuit against Defendant on March 28, 2017, asserting claims of trademark counterfeiting, trademark infringement, and unfair competition. Plaintiff properly served Defendant on

1

April 4, 2017, but Defendant failed to timely file an answer or other response to Plaintiff's complaint. At the Court's direction, Plaintiff sought and obtained an entry of a default. And, on August 16, 2017, the District Court entered a default judgment against Defendant, awarding Plaintiff $1 million in statutory damages and a permanent injunction. On November 17, 2017, Defendant filed his Motion to Set Aside the default judgment, in which he argues his failure to defend the lawsuit was due to mistake or excusable neglect. The Motion has been fully briefed and is ripe for consideration.

## Legal Standards and Analysis

Federal Rules of Civil Procedure 55(c) and 60(b) allow a court to set aside an entry of default or a default judgment for "good cause." *In re Chinese Manufactured Drywall Prods. Liab. Litig.,* 742 F.3d 576, 594 (5th Cir. 2014) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000)). The good cause standard is a liberal one, and trial courts have wide discretion in deciding whether or not to set aside a default judgment. *See Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). To determine whether good cause exists, the Court considers three factors: "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiff []; and (3) whether [Defendant] presented a meritorious defense." *In re Chinese Manufactured Drywall Prods.*, 742 F.3d at 594 (citing *Lacy*, 227 F.3d at 292). The Court may also consider other factors, including whether Defendant acted expeditiously to correct the default. *Id.* Default judgments are not favored, and,

"where there are no intervening equities, any doubt should be resolved in favor of the [defendant] to the end of securing a trial upon the merits." *Effjohn*, 346 F.3d at 563 (citing *Lacy*, 227 F.3d at 292); *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 938 (5th Cir. 1999) (noting policy in favor resolving cases on the merits and against the use of default judgments).

## Willfulness

Defendant argues that his default was not willful, but rather the result of mistake and excusable neglect. Defendant claims he is an immigrant and an inexperienced businessman who was confused and misled by out-of-court communications with Plaintiff's counsel, which he mistakenly interpreted as settlement discussions. Defendant claims he did not file a response to Plaintiff's Complaint because he believed the dispute would be resolved by agreement. When, as here, the defendant asserts its failure was due to neglect, the defendant has the burden of showing by a preponderance of the evidence that his failure was excusable. *In re Chinese Manufactured Drywall Prods.*, 742 F.3d at 594. A district court may refuse to set aside a default judgment if it finds that the defendant willfully failed to respond to the complaint. *Lacy*, 227 F.3d at 292 ("[W]hen the court finds an intentional failure of responsive pleadings there need be no further finding.").

Having reviewed the record as a whole, and having considered the parties' briefs and their arguments during the July 30 hearing, the Court finds and concludes that Defendant has met his burden to show excusable neglect. Plaintiff

3

effected service on Defendant by leaving a copy of the complaint with Defendant's wife at Defendant's residence on April 4, 2017. *See* Return (ECF No. 13). The next morning, Plaintiff's counsel sent Defendant an email attaching a copy of the Complaint, a motion for injunctive relief, and a motion for discovery. Pl.'s Appx. Ex. C at 16 (ECF No. 31). The April 5, 2017 email advised Defendant that, while Plaintiff was "fully committed to the lawsuit," it would be willing "to try and reach an amicable settlement of this matter." *Id.* Plaintiff's counsel informed Defendant that it had asked the Court to order discovery, including Defendant's deposition, "but it would easier and quicker . . . to resolve this matter if you were to voluntarily agree to [provide discovery]." *Id.* Defendant sent Plaintiff's counsel an email two days later stating that "I would like us to settle this issue outside of the court. I will sign the documents and provide you the information that is needed. Please allow me sometime [sic] to review this carefully and get back to you [.]" *Id.* at 15. The evidence further shows Defendant voluntarily provided some information to Plaintiff regarding his product sales and executed a "Concent [sic] Order and Stipulated Preliminary Injunction," that had been drafted by Plaintiff's North Carolina counsel. *See* Def.'s Appx. Ex. B & C. Although Defendant apparently sought advice from a retired attorney, he never retained a licensed attorney and represented himself *pro se* in all his interactions with Plaintiff's counsel. Defendant never filed an answer or other response to Plaintiff's Complaint and never made an appearance in this action.

On June 30, 2017, after Plaintiff's local counsel had obtained a default and filed the motion for default judgment, Plaintiff's North Carolina counsel conducted a telephone conference with Defendant for the purpose of securing Defendant's voluntary appearance at a deposition. Plaintiff's North Carolina counsel did not mention the entry of default or the pending motion for default judgment.

Defendant wrongly concluded that he was not required to formally respond to this action, but he did not ignore this litigation. He attempted to resolve the dispute "outside of the court." While Plaintiff was not satisfied with Defendant's attempt, the Court determines that Defendant's conduct in failing to answer Plaintiff's Complaint and formally defend this lawsuit was negligent, rather than willful. *See Crossfit, Inc. v. Monster X Camp, LLC*, (N.D. Tex. 2013) (holding that defendant's failure to respond to plaintiff's complaint during negotiation of a settlement was not willful). The Court further finds that Defendant's negligence was excusable. Therefore, this factor weighs in favor of vacating the default judgment.

### Prejudice to Plaintiff

While Plaintiff will be required to litigate its case on the merits if the default judgment is vacated, doing so is insufficient prejudice to justify allowing the default judgment to stand. *Lacy,* 227 F.3d at 293. Plaintiff contends that "the potential prejudice of the wasted resources starting this fight from scratch is immense." Pl.'s Resp. 1 (ECF No. 30). But, mere delay does not constitute

5

prejudice. *Lacy,* 227 F.3d at 293. Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir. 1990)). Here, there is no argument—much less evidence—that Plaintiff would suffer any loss of evidence, or increased difficulties in discovery if the default judgment is set aside. Also, Plaintiff itself has sought and obtained multiple delays in the course of this litigation, including an extension of the time to file a motion for default judgment and a continuance of the hearing on the motion to set aside the default judgment. *See* ECF Nos. 21, 43; Def.'s Decl. ¶ 15 (ECF No. 29). Furthermore, while Defendant had agreed to submit to a deposition at Plaintiff's request, the parties had difficulty finding a mutually agreeable time because Plaintiff's counsel had scheduling conflicts in two other federal cases in other states. Pl.'s Resp. 11 (ECF No. 30); Def.'s Decl. ¶ 15 (ECF No. 29). Accordingly, the second factor also weighs in favor of setting aside the default judgment.

## Meritorious Defense

"A district court has the discretion not to set aside a default judgment if the defendant 'fails to present a meritorious defense sufficient to support a finding on the merits' in its favor." *Scott v. Carpanzano,* 556 F. App'x. 288, 296 (5th Cir. 2014) (quoting *Lacy*, 227 F.3d at 293). This generally requires that the defendant provide "definite factual allegations, as opposed to mere legal conclusions, in support of her defense." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122

6

(5th Cir. 2008). The underlying concern when determining whether a meritorious defense exists is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA*, 551 F.3d 359, 373 (5th Cir. 2008) (citation and internal quotation marks omitted).

Plaintiff represented to the Court in the parties' joint status report filed on June 22, 2018, and at the July 30, 2018 hearing, that it recently discovered Defendant's brother-in-law, Adil Palwala, and one or more of Mr. Palwala's companies are responsible in significant part for the alleged infringing activities that underlie this proceeding. Joint Status Report 1 (ECF No. 44). Plaintiff's trademark infringement claims require that it shows: (1) it owns a legally protectable mark, and (2) the Defendant is infringing the trademark and causing a likelihood of confusion. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236–37 (5th Cir. 2010). That Defendant's brother-in-law may be significantly involved in the alleged trademark infringement and counterfeiting activity creates a possibility that the outcome of the suit after a full trial might be contrary to the result achieved by the default. *See Fine v. Evergreen Aviation Ground Logistics Enter., Inc.,* 2009 WL 793759, at *4 (E.D. Tex. 2009) (finding that setting aside a judgment for $1,750,000 is favorable in light of unexplored fact issues and its potential meritorious defenses).

Defendant also contends that even if the District Court were to rule on the merits that Defendant infringed Plaintiff's trademark, the damages awarded to

7

the Plaintiff on a trial on the merits would be a fraction of the $1 million, plus attorneys' fees, awarded by the District Court in connection with the default judgment. Def.'s Mot. 15 (ECF No. 29). As explained in the District Court's Default Judgment, statutory damages under 15 U.S.C. § 1117(c) are proper if the Court finds that an infringement occurred. *See* ECF No. 27. If the Court finds such infringement was "willful," the Court has discretion to award up to $2,000,000. 15 U.S.C. § 1117(c)(2). A defendant can be deemed to have admitted that he acted willfully by virtue of his default. *Neutron Depot, LLC v. Bankrate, Inc.*, No. 2:14-CV-192, 2016 WL 258343, at *4 (S.D. Tex. Jan. 20, 2016). Here, the District Court awarded $1 million in statutory damages based on a finding that Defendant's infringement was willful because he was in default. The Court finds that there is a significant possibility that the outcome of this lawsuit will be different in the absence of a finding of default.

In view of all the evidence, the Court finds the third factor weighs in favor of setting aside the default judgment.

### Additional Factors

The Court also considers whether Defendant acted expeditiously to correct the default. *Scott*, 556 F. App'x at 293–94; *accord Lacy*, 227 F.3d at 292. Rule 60(c)(1) states that a "motion under Rule 60(b) must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, the District Court entered the Default Judgment Order on August 16, 2017 (ECF No. 27). On

November 17, 2017, Defendant filed his motion to vacate. Given that Defendant was proceeding *pro se* and had to find and hire an attorney to file this motion, the Court finds that three months is a reasonable time—and well within the limitations period—for Defendant to file this motion. As such, the Court finds this factor weighs in favor of setting aside the default judgment.

## Plaintiff's Alternative Request

Plaintiff requests that, if the Court grants Defendant's motion, the Court grant its Motion for Preliminary Injunction and freeze Defendant's assets in a value sufficient to protect the availability of monetary damages after further litigation. Defendant apparently does not oppose the entry of a preliminary injunction. Indeed, Defendant previously executed a "Concent [sic] Order and Stipulated Preliminary Injunction," prepared by Plaintiff's North Carolina counsel. *See* Def.'s Appx. Ex. C. Now that Defendant is represented, counsel for the parties should be ordered to meet and confer on the form of an agreed proposed preliminary injunction. On the record before it, the Court does not find that it is necessary to freeze any of Defendant's assets in order to protect Plaintiff.

## Recommendation

The District Court should GRANT Defendant's Motion to Set Aside Default Judgment (ECF No. 29) and vacate the default judgment entered on August 16, 2017 (ECF No. 27).

Counsel for the parties should be ordered to meet and confer on the form of an agreed proposed preliminary injunction.

**SO RECOMMENDED**.

August 3, 2018.

_____
REBECCA RUTHERFORD
UNITED STATS MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).